[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 25, 2005
THOMAS K. KAHN
CLERK

No. 04-15728
Non-Argument Calendar

_____

D.C. Docket No. 04-60131-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVERO ROLLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 25, 2005)**

Before TJOFLAT, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Appellant plead guilty to a four-count indictment charging him with drug

trafficking in violation several federal statutes,  21 U.S.C. §§ 841(a)(1), 846, and

963, and the district court sentenced him to concurrent prison terms of 168

months.  He appeals his sentences, contending that the district court acted in violation of the Sixth Amendment under <u>Blakely v. Washington</u>, 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and <u>United States v. Booker</u>, 543 U.S. ___, 125 S.Ct. 738, ___ L.Ed.2d ___ (2005).[1]  Because appellant raised this Sixth Amendment issue before the district court, we will set aside his sentences and remand the case for resentencing unless the error, if any, was harmless.  <u>See United States v. Paz</u>, 405 F.3d 946, 948 (11th Cir. 2005).

In <u>Blakely</u>, the Supreme Court held that the imposition of a sentencing enhancement  under the State of Washington's mandatory sentencing guidelines system based upon facts neither admitted by the defendant nor found by the jury infringed the defendant's Sixth Amendment right to trial by jury.  <u>Blakely</u>, 542 U.S. at ___, 124 S.Ct. at 2534-38.  In <u>Booker</u>, the Supreme Court extended this holding to sentences imposed under the federal sentencing scheme.  <u>Booker</u>, 543 U.S. at ___, 125 S.Ct. at 760.  Under <u>Booker</u>, two errors can occur: (1) constitutional error, which is caused by the court's imposition of the sentence called for by the application of  mandatory guidelines based on facts neither

---

[1]  Appellant also challenges the district court's enhancement of his base offense level under U.S.S.G. § 2D1.1(b)(2)(B). Because we vacate appellant's sentences and remand the case for a new sentencing hearing—in which the court may consider evidence and arguments deemed irrelevant under the pre-<u>Booker</u> sentencing scheme—we do not address this challenge.

admitted by the defendant nor found by a jury beyond a reasonable doubt, and (2) statutory error, which is caused by the court's imposition of the sentence called for by the application of mandatory guidelines. United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

"Constitutional errors are harmless where the government can show beyond a reasonable doubt, that the error did not contribute to the defendant's ultimate sentence." United States v. Mathenia, No. 04-15250, slip op. at 2328 (11th Cir. May 23, 2005) (mandate withheld). Statutory errors are subject to a less demanding harmless error standard. Id. A "non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect. If one can say with fair assurance that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." Id. at 2328-9 (internal quotations and citation omitted).

The district court did not commit a constitutional error because appellant admitted to the probation officer who prepared the presentence investigation report, and the plea hearing established, the facts the court used to enhance appellant's sentences. The court, however, as the government concedes,

3

committed a statutory error. The question we must decide, then, is whether the error was harmless.

In <u>Paz</u>, we said that the harmless error analysis puts the burden on the government to show that the mandatory (as opposed to the advisory) application of the guidelines did not contribute to the defendant's sentence. 405 F. 3d at 948. We cannot tell from a reading of the record in this case what the district court would have done had it understood the guidelines to be advisory rather than mandatory and, moreover, had properly considered the sentencing factors set out in 18 U.S.C. § 3553(a). The Government therefore cannot show that the mandatory application of the Guidelines was harmless. We consequently **vacate** appellant's sentences and **remand** the case for resentencing.

**SO ORDERED.**