[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 9, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15833
Non-Argument Calendar

_____

D. C. Docket No. 04-60131-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVERO ROLLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 9, 2006)

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

This case is before us for a second time. In <u>United States v. Rolle</u>, No. 04-

15728 (July 25, 2005) (not published), we vacated appellant's concurrent prison sentences of 168 months[1] pursuant to United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and remanded the case for resentencing. On remand, the district court treated the Guidelines as discretionary and considered the sentencing objectives set out in 18 U.S.C. § 3553(a), as Booker instructs, and sentenced appellant once again to concurrent prison terms of 168 months. He now appeals his sentences.

This case began when the Drug Enforcement Agency intercepted two boats, carrying 816.58 kilograms of cocaine, ten miles off of the coast of South Florida. Appellant was driving one of the boats. In this appeal, he claims that the district court committed clear error when it treated him as the captain of his vessel and enhanced his sentence accordingly. According to him, Congress intended the enhancement to apply only to those who are licensed or otherwise officially recognized as possessing a special skill, e.g., the captain of a large vessel who has either operational or navigational skill, not someone like him who merely steered a small boat and exhibited neither operational command of the crew nor navigational skill. He claims, moreover, that the Government failed to establish that he was employed to captain the boat (within the meaning of the Guidelines) or that any of

---

[1] Appellant pled guilty to, and was sentenced, on four counts of drug trafficking, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 963.

2

the crew members identified him as the captain.

The Guidelines instruct the sentencing court in a drug case such as this to increase the defendant's base offense level by two levels "[i]f the defendant unlawfully imported or exported a controlled substance under circumstances in which . . . the defendant acted as a pilot, copilot, captain, navigator, flight officer, or any other operation officer aboard any craft or vessel carrying a controlled substance. . . ." U.S.S.G. § 2D1.1(b)(2)(B). Note eight of the commentary to that guideline differentiates between § 2D1.1 and U.S.S.G. § 3B1.3,[2] stating that "a defendant who used special skill in the commission of the offense may be subject to an enhancement under § 3B1.3." U.S.S.G. § 2D1.1, comment. (n.8).

In reviewing an enhancement pursuant to § 2D1.1(b)(2)(B), we have adopted a "functional definition" of the terms "captain" and "pilot," based upon the facts of the case, rather than a narrow definition. United States v. Cartwright, 413 F.3d 1295, 1298 (11th Cir. 2005), cert. denied, 126 S.Ct. 1116 (2006). In Cartwright, we concluded that the defendant "easily qualified for the enhancement" when he (1) was a lifelong fisherman, (2) drove the boat as it left Jamaica, (3) followed directions concerning where to steer the boat, and (4)

---

[2] Section 3B1.3 enhances a defendant's sentence if "the defendant . . . used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3.

3

navigated the ship. Id. at 1299. Additionally, we held that the fact that Cartwright's co-conspirators also steered the boat did not effect the analysis "because the enhancement explicitly includes 'copilots.'" Id.

Because appellant admitted to driving one of the vessels used to import the drugs, the district court committed no clear error in enhancing his offense level based upon his role in the offense.

Appellant claims that even though the court may not have erred in enhancing his offense level in this fashion, his sentences are nonetheless unreasonable. He contends that, at the time he committed the offense, he was only twenty years old, had no prior criminal record, and worked menial jobs to support his child. Furthermore, his codefendants received prison sentences shorter than his, ranging from 57 months to 120 months, and this disparity rendered his sentences unreasonable.

After Booker, we review a defendant's ultimate sentence for "unreasonableness," in the context of the § 3553(a) factors. See Booker, 543 U.S. at 261, 125 S.Ct. at 765; see also United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005). Section 3553(a) states, in part, "[t]he court, in determining the particular sentence to be imposed, shall consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found

guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Other factors include (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment, (4) the need to protect the public, and (5) the guideline range. See 18 U.S.C. § 3553(a).

In this case, the court sentenced appellant at the low end of the Guidelines sentence range after fully considering the § 3553 factors, of which sentencing disparity is only one. As the captain of his vessel, appellant occupied a role different from that of his crewmen. Given the difference in his status compared to that of his codefendants, we cannot say that the difference between his sentences and theirs amounts to unwarranted disparity, such that it renders his sentences unreasonable. In short, we have no basis for vacating his sentences and remanding the case for further proceedings.

AFFIRMED.